# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MAURICE GRAY FLEMING (# 54225)**                                        **PETITIONER**

**v.**                                                                                  **No. 3:14CV191-MPM-SAA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                             **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Maurice Gray Fleming for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

### Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

**Facts and Procedural Posture**

Maurice Fleming is in the custody of the Mississippi Department of Corrections and is currently housed in the Mississippi State Penitentiary in Parchman, Mississippi. Fleming entered a guilty plea to one count of aggravated assault and one count of murder in the Circuit Court of Tippah County, Mississippi. Fleming was sentenced on November 22, 1995, to serve twenty years for aggravated assault and life for murder in the custody of the Mississippi Department of Corrections ("MDOC").

Fleming has filed one case in the Mississippi Supreme Court, No. 2001-M-00483. On March 22, 2001, Fleming filed a Petition for Writ of Mandamus in that court asking for the Tippah County Circuit Court to rule on his previously filed motion for post-conviction relief in

the circuit court. Exhibit A to Respondent's Motion to Dismiss (composite exhibit of file in Miss. Sup. Ct. Case No. 2001-M-00483). The circuit court denied the motion for post-conviction relief on July 31, 2001. As such, the Mississippi Supreme Court found the mandamus petition to be moot. *Id*. On January 10, 2002, Fleming filed a Motion for an Out of Time Appeal of the circuit court ruling, but the Mississippi Supreme Court found that he gave no reason for his failure to perfect his appeal in a timely manner. Fleming's request for an out of time appeal was denied by the Mississippi Supreme Court. *Id.*

In his current petition for a writ of *habeas corpus*, filed August 25, 2014 (ECF, Doc. 1), Fleming raises the following grounds for relief, *pro se*:

**Ground One.** Actual innocence.

**Ground Two.** Ineffective assistance of counsel.

In his prayer for relief, Fleming seeks a full pardon of his crimes and release from custody. According to the officials of the Tippah County Circuit Clerk's office, Fleming has not filed a motion for post-conviction relief raising the new claims raised in the instant petition for a writ of *habeas corpus*. The records of the Mississippi Supreme Court Clerk's Office also reflect that Fleming has filed no pleadings other than those in Case No. 2001-M-00483, as discussed above. Thus, Fleming has not exhausted state court remedies because he has not given the Mississippi Supreme Court an opportunity to review his claims.

Fleming has made no attempt to raise the two issues in the instant petition (actual innocence and ineffective assistance of counsel) in state court. As there is an available state remedy – an application for post-conviction collateral relief – the instant petition for a writ of *habeas corpus* must

the circuit court. Exhibit A to Respondent's Motion to Dismiss (composite exhibit of file in Miss. Sup. Ct. Case No. 2001-M-00483). The circuit court denied the motion for post-conviction relief on July 31, 2001. As such, the Mississippi Supreme Court found the mandamus petition to be moot. *Id*. On January 10, 2002, Fleming filed a Motion for an Out of Time Appeal of the circuit court ruling, but the Mississippi Supreme Court found that he gave no reason for his failure to perfect his appeal in a timely manner. Fleming's request for an out of time appeal was denied by the Mississippi Supreme Court. *Id.*

In his current petition for a writ of *habeas corpus*, filed August 25, 2014 (ECF, Doc. 1), Fleming raises the following grounds for relief, *pro se*:

**Ground One.** Actual innocence.

**Ground Two.** Ineffective assistance of counsel.

In his prayer for relief, Fleming seeks a full pardon of his crimes and release from custody. According to the officials of the Tippah County Circuit Clerk's office, Fleming has not filed a motion for post-conviction relief raising the new claims raised in the instant petition for a writ of *habeas corpus*. The records of the Mississippi Supreme Court Clerk's Office also reflect that Fleming has filed no pleadings other than those in Case No. 2001-M-00483, as discussed above. Thus, Fleming has not exhausted state court remedies because he has not given the Mississippi Supreme Court an opportunity to review his claims.

Fleming has made no attempt to raise the two issues in the instant petition (actual innocence and ineffective assistance of counsel) in state court. As there is an available state remedy – an application for post-conviction collateral relief – the instant petition for a writ of *habeas corpus* must

be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of January, 2015.

                                             **/s/ MICHAEL P. MILLS**
                                             **UNITED STATES DISTRICT JUDGE**
                                             **NORTHERN DISTRICT OF MISSISSIPPI**